IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION NO.**_____ |
| | * | |
| | * | |
| **VS.** | * | **JUDGE** _____ |
| | * | |
| **ROCKY RAY WATSON (SSN: XXX-XX-3758) AND KRISTINE LEE ROSE WATSON (SSN: XXX-XX-3054)** | * * * | **MAGISTRATE JUDGE**_____ |

## COMPLAINT

The United States of America ("Plaintiff") for the Farmers Home Administration ("FmHA") now known as Farm Service Agency (FSA) of the United States Department of Agriculture, through William D. O'Regan III as Attorney for the United States of America, for its cause of action alleges:

1.

Jurisdiction in this action is predicated on 28 U.S.C. §1345.

2.

Plaintiff is the holder in due course and owner of that certain promissory note ("Note") dated April 6, 2015, in the original principal sum of $45,540.00, bearing interest at the rate of 2.375% per annum, payable in equal consecutive annual installments of $7,174.00 on April 1, 2016, and $7,174.00 thereafter on April 1 of each year until principal and interest are fully paid, made payable to the order of FSA by Defendant(s). A copy of the Note is attached as **Exhibit #1**.

3.

In order to secure their payment of the Note, Defendant(s) executed a UCC-1F Security Agreement ("Agreement") filed on April 6, 2015, covering the property more fully described therein. A copy of the Agreement as filed for record in the Records of Evangeline Parish, Louisiana, on April 6, 2015, under Registry Number 20-28547 is attached as **Exhibit #2, Exhibit 2-A, Exhibit 2-B and Exhibit 2C**.

4.

Defendant(s) are in default on payment due under the Note, the entire balance is now due and payable as a result of acceleration of maturity of the unpaid principal and interest by Plaintiff or by virtue of the terms for payment of the Note, and all conditions precedent to the commencement of this action have been satisfied.

5.

There is presently outstanding under the Note the principal sum of $37,796.57, together with interest in the amount of $883.26, accrued through October 31, 2018, plus additional interest accruing thereafter at the note rate.

**WHEREFORE, PLAINTIFF PRAYS** for judgment in its favor against Defendant(s), jointly, severally and in solido, for the amount(s) due and owing Plaintiff as set forth in Paragraph 5 above, plus additional interest to which Plaintiff may be entitled and all costs of this action;

*******

**PLAINTIFF FURTHER PRAYS** that the Security Agreement and UCC-1F be recognized and maintained upon the property subject to the Security Agreement, and that said property be sold, **with appraisal** and according to law, at public auction to the highest bidder, and that out of the proceeds of said sale the Plaintiff be paid in preference and priority to all other

persons whosoever the amount of its claim in accordance with the terms of the Security Agreement, and that the amount realized from said sale be credited **pro tanto** upon the amount of the judgment herein; and

    **PLAINTIFF FURTHER PRAYS** for all order and decrees necessary in the premises, and for all general and equitable relief to which it may be entitled.

    RESPECTFULLY SUBMITTED,

    UNITED STATES OF AMERICA

BY: _____
      William D. O'Regan III
      1107 Main Street
      Laplace, LA   70068
      Bar Roll Number:      10231

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William D. O'Regan, III, 1107 Main Street, LaPlace, LA, 70068, (985) 652-6476

## DEFENDANTS
Rocky Ray Watson (SSN XXX-XX-3758) and Kristine Lee Rose Watson (SSN XXX-XX-3054)

County of Residence of First Listed Defendant: Evangeline
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| [X] 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights / ☐ 555 Prison Condition / ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
USC 28:1345fc

Brief description of cause:
Foreclosure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 37,796.57
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY *(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE: 2-25-2017
SIGNATURE OF ATTORNEY OF RECORD: William D. O'Regan, III

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

Form Approved - OMB No. 0560-0237
This form is available electronically. (See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

FSA-2026
(12-05-12)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

Position 2

# PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| WATSON, ROCKY RAY | LOUISIANA | EVANGELINE |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| | 44 | 02 | APRIL 6, 2015 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| 663 - OL- REG - 7 YR - SDA MICRO | ☐ Initial loan ☐ Conservation easement ☐ Deferred payments |
| | ☐ Consolidation ☐ Rescheduling ☐ Debt write down |
| | ☒ Subsequent loan ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)* CROWLEY, LOUISIANA or at such other place as the Government may later designate in writing, the principal sum of *(b)* FORTY FIVE THOUSAND, FIVE HUNDRED FORTY AND 00/100-------------- dollars *(c)* ($ 45,540.00 ), plus interest on the unpaid principal balance at the RATE of *(d)* TWO AND THREE EIGHTHS percent *(e)* 2.375 %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may CHANGE THE RATE OF INTEREST in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)* EIGHT (8) installments as indicated below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 7,174.00 | 04/01/2016 | $ NA | |
| $ NA | | $ NA | |
| $ NA | | $ NA | |
| $ NA | | $ NA | |

and *(d)* $ 7,174.00 thereafter on the *(e)* APRIL 1ST of each *(f)* YEAR until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)* SEVEN (7) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay). USDA is an equal opportunity provider and employer.

Initial _RW KRW_ Date _4/6/15_

Exhibit 1

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _RWKRW_   Date _4/6/15_

FSA-2026 (12-05-12)

Page 3 of 3

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

_[signature]_
ROCKY RAY WATSON

_[signature]_
KRISTINE LEE ROSE WATSON

1470 Lanse de Cavalier Road
Ville Platte, LA 70586

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.*

# UCC-1F

Follow instructions carefully. This filing is pursuant to Chapter 9 of the Louisiana Commercial Laws and 1985 Food Security Act.

1. Debtor's exact full legal name - insert only one debtor name (1a or 1b) - do not abbreviate or combine names.

**1a Organization's Name**

OR

| 1b Individual's Last Name (and Title of Lineage e.g. Jr. Sr., III, if applicable) | First Name | Middle Name |
|---|---|---|
| WATSON | ROCKY | RAY |

| 1c Mailing Address | City | State | Postal Code | Country |
|---|---|---|---|---|
| 1470 Lanse de Cavalier Rd | Ville Platte | LA | 70586 | USA |

| 1d Tax ID #: SSN or EIN | Add'l info re Organization Debtor | 1e Type of Organization | 1f Jurisdiction of Organization | 1g Organizational ID # if any ☐ None |
|---|---|---|---|---|

2. Additional debtor's exact full legal name - insert only one debtor name (2a or 2b) - do not abbreviate or combine names.

**2a Organization's Name**

OR

| 2b Individual's Last Name (and Title of Lineage e.g. Jr., Sr. III, if applicable) | First Name | Middle Name |
|---|---|---|
| WATSON | KRISTINE | ROSE |

| 2c Mailing Address | City | State | Postal Code | Country |
|---|---|---|---|---|
| 1470 Lanse de Cavalier Rd | Ville Platte | LA | 70586 | USA |

| 2 EIN | Add'l info re: Organization Debtor | 2e Type of Organization | 2f Jurisdiction of Organization | 2g Organizational ID #, if any ☐ None |
|---|---|---|---|---|

**SECURED PARTY INFORMATION:** Secured Party's Name (or Name of Total Assignee of Assignor S/P) - insert only one secured party name (3a or 3b)

**3a Organization's Name**
USA FARM SERVICE AGENCY

OR

| 3b Individual's Last Name (and Title of Lineage e.g. Jr., Sr., III, if applicable) | First Name | Middle Name |
|---|---|---|
| | | |

| 3c Mailing Address | City | State | Postal Code | Country |
|---|---|---|---|---|
| 157 CHEROKEE DRIVE, SUITE A | CROWLEY | LA | 70526-3103 | USA |

## PROPERTY INFORMATION

4. This FINANCING STATEMENT covers the following collateral:

**ALL EQUIPMENT**

*20-28541*
*4/6/15  2:53 PM*

5. ☐ Products of collateral are also covered.    INDICATE NUMBER OF ADDITIONAL SHEETS _____

USE THE FOLLOWING AREA ONLY FOR FARM PRODUCTS REQUIRING EFFECTIVE FINANCING STATEMENT (EFS) FILING IN ACCORDANCE WITH FOOD SECURITY ACT OF 1985

6. This FINANCING STATEMENT covers the following types (of items) of property:

| Collateral Product Name | Collateral Product Code | Parish/Produced Code | Collateral Quantity Amount | Crop Year | Total Amount Security |
|---|---|---|---|---|---|
| CATTLE | 3030 | 20 | ALL HEAD | | |
| | | | | | |
| | | | | | |
| | | | | | |

7. Brief Description of collateral (if needed to distinguish from products not subject to security interest):

8. Reasonable description of property (see Instruction #5) upon which products are produced or located:
FARM #3970, Evangeline Parish, LA

Does Secured Party Require Joint Checks?
[X] Yes    ☐ No

9. Return copy to:
USA FARM SERVICE AGENCY
157 CHEROKEE DRIVE, SUITE A
CROWLEY, LA 70526-3103

Optional: (See Instruction #6)
Signature of Debtor(s) — *Rocky Ray Watson*
*Kristine Lee Rose Watson*

10. CHECK TO REQUEST SEARCH REPORT(S) ON DEBTOR(S) (ADDITIONAL FEE REQUIRED)
[X] ALL DEBTORS
☐ DEBTOR #1
☐ DEBTOR #2

RUN IN NAME ONLY

LOUISIANA SECRETARY OF STATE 2/14/12

*Exhibit 2*



## GENERAL INSTRUCTIONS

*This is a multi-purpose form which may be used for perfection of security interest under Revised Article 9 as well as to provide notice to farm product buyers pursuant to the Federal Food Security Act; however, the sole use of this form only for filing perfection under Revised Article 9 is discouraged.*

1. Please type or laser print this form. Be sure it is completely legible.
2. Debtor Name/Taxpayer Identification Number - please read instructions carefully - exact legal name of debtor is crucial.
   1a Enter only one Debtor name in Item 1, (organizations's name (1a) or individual's name (1b)). Enter Debtor's exact full legal name. Do not abbreviate. Additional debtors must be entered separately.
   1c An address is always required for the Debtor(s) named.
   1d Enter Social Security Number, or if other than a natural person, the taxpayer identification number of each person subjecting the farm product to the security interest.
   1e, 1f, & 1g Organizational information is required for sufficiency under Revised Article 9.
3. Collateral description: Describe UCC collateral in Item No. 4.
4. Farm Product description in Item No. 6 should be filled out as follows:
   - COLLATERAL PRODUCT NAME and COLLATERAL PRODUCT CODE must be entered in the appropriate columns (list of codes provided below).
   - PARISH PRODUCED CODE must be entered. Information relating to a particular farm product produced in more than one parish must be entered on a separate line for each parish of production.
   - COLLATERAL QUANTITY AMOUNT should be completed only if less than all of debtor's product is covered by security interest.
   - CROP YEAR must be included unless this UCC-1F covers every year for which this filing is effective (5 years).
   - DOLLAR AMOUNT OF SECURITY MAY BE INCLUDED.
5. R.S. 3:3654 E(3)(e) requires a reasonable description of the property including the farm name or its general location by section, township and range or the Farm Service Agency (USDA-FSA) farm number where the product is produced or located. This information may be set forth in Item No.8.
6. The EFS must be signed, authorized or otherwise authenticated by the debtor(s).
7. If an Acknowledgement copy is to be returned to other than the Secured Party, please indicate the name and mailing address of the person or firm to whom the copy is to be returned in Item No. 9.
8. Check appropriate box in Item No. 10 to request a Search Report(s) on all or some of the Debtors named in the Financing Statement and submit additional fee of $30 per name search. If you have checked a box in Item No. 10, file Search Request Copy together with the Filing Officer Copy (and Acknowledgement Copy).
9. PROPER PLACE TO FILE: UCC-1F Financing Statement and attachments may be filed with any Louisiana Parish Clerk of Court or with the Recorder of Mortgages in Orleans Parish (without regard to the debtor's address or the location of the collateral or of any related immovable). DO NOT FILE WITH THE SECRETARY OF STATE.

### FARM PRODUCTS LIST AND CODES

| | | | | |
|---|---|---|---|---|
| 3011- Alligator Eggs | 1060- Cucumbers | 3080- Honeybees | 1200- Peanuts | 1275- Spinach |
| 3010- Alligators | 1070- Cushaw | 3090- Horse | 1203- Pears | 1280- Squash |
| 3015- Antelope | 3055- Deer | 1145- Irish Potatoes | 1210- Peas | 3153- Squirrels |
| 1006- Blackberries | 1001- Dove | 3140- Lamb | 1220- Pecans | 1118- St. Augustine Grass |
| 1000- Blueberries | 1075- Eggplant | 1135- Lettuce | 1230- Peppers | 1290- Strawberries |
| 1005- Broccoli | 2020- Eggs | 1004- Lima Beans | 1231- Persimmons | 1300- Sugarcane |
| 1010- Cabbage | 1002- Elk | 1146- Mayhaw | 3115- Pheasant | 1301- Sugarcane Stubble |
| 1020- Cantaloupes | 3056- Emu | 2040- Milk | 1232- Pinto Beans | 1310- Sunflower Seeds |
| 1025- Carrots | 3057- Fingerlings | 1140- Milo | 3130- Prawns | 1320- Sweet Potatoes |
| 3020- Catfish | 1080- Flowers, Ornamental Shrubs | 3100- Mink | 1235- Pumpkins | 1330- Sweet Sorghum |
| 3030- Cattle | | 3101- Minnows | 3120- Quails | 4000- Timber |
| 1030- Cauliflower | 1090- Garlic | 1147- Muscadines | 3135- Rabbits | 1335- Tobacco |
| 1119- Centipede Grass | 3060- Goats | 1150- Mushrooms | 1003- Rhea | 1340- Tomatoes |
| 3040- Chickens | 1100- Grapes | 1114- Mustard Greens | 1240- Rice | 3160- Turkey |
| 3042- Chukars | 1110- Grass | 1160- Oats | 1250- Rye Grass Seed | 1116- Turnip Greens |
| 1112- Collard Greens | 1119- Grass, Centipede | 1165- Okra | 3140- Sheep | 3171- Turtle Eggs |
| 1040- Corn | 1111- Green Beans | 1170- Onions | 3150- Shrimp | 3170- Turtles |
| 1050- Cotton | 1130- Hay | 1180- Oranges | 1260- Sorghum Grain | 1350- Watermelons |
| 3045- Crabs | 3061- Hide, Pelts, Skins | 3105- Ostrich | 1270- Soybeans | 1360- Wheat |
| 3050- Crawfish | 3070- Hogs | 3110- Oysters | | |
| | 2030- Honey | 1190- Peaches | | |

### PARISH CODES

| | | | |
|---|---|---|---|
| 01- Acadia | 17- East Baton Rouge | | 49- St. Landry |
| 02- Allen | 18- East Carroll | 33- Madison | 50- St. Martin |
| 03- Ascension | 19- East Feliciana | 34- Morehouse | 51- St. Mary |
| 04- Assumption | 20- Evangeline | 35- Natchitoches | 52- St. Tammany |
| 05- Avoyelles | 21- Franklin | 36- Orleans | 53- Tangipahoa |
| 06- Beauregard | 22- Grant | 37- Ouachita | 54- Tensas |
| 07- Bienville | 23- Iberia | 38- Plaquemines | 55- Terrebonne |
| 08- Bossier | 24- Iberville | 39- Pointe Coupee | 56- Union |
| 09- Caddo | 25- Jackson | 40- Rapides | 57- Vermilion |
| 10- Calcasieu | 26- Jefferson | 41- Red River | 58- Vernon |
| 11- Caldwell | 27- Jefferson Davis | 42- Richland | 59- Washington |
| 12- Cameron | 28- Lafayette | 43- Sabine | 60- Webster |
| 13- Catahoula | 29- Lafourche | 44- St. Bernard | 61- West Baton Rouge |
| 14- Claiborne | 30- LaSalle | 45- St. Charles | 62- West Carroll |
| 15- Concordia | 31- Lincoln | 46- St. Helena | 63- West Feliciana |
| 16- DeSoto | 32- Livingston | 47- St. James | 64- Winn |
| | | 48- St. John the Baptist | |

```
STATE OF LOUISIANA                                                    4/09/15
PARISH OF EVANGELINE                                                  9:51:38 AM
                                                                      PAGE   1
                              UNIFORM COMMERCIAL CODE
     CERTIFICATE REQUESTED ON INDIVIDUAL NAME

                       KRISTINE ROSE WATSON


=================================================================================
ORIGINAL FILE NUMBER 20-28547       FILED  4/06/15  2:53 PM  FARM FILING
DEBTOR(S)                           PARISH IN WHICH FILED:   EVANGELINE
  ROCKY RAY WATSON
  1470 LANSE DE CAVALIER RD                                       #####3753
  VILLE PLATTE, LA  70586

  KRISTINE ROSE WATSON
  1470 LANSE DE CAVALIER RD                                       #####3054
  VILLE PLATTE, LA  70586

ORIGINAL SECURED PARTY
  USA FARM SERVICE AGENCY
  157 CHEROKEE DRIVE, SUITE A                                     #####0000
  CROWLEY, LA  70526-3103

PROPERTY
  ALL EQUIPMENT

FARM PRODUCT INFORMATION
  Product Name          Prod.Code/Parish Produced    Crop Yr/Quantity    Loan Amount
  CATTLE                    3030 EVANGELINE            ALL HEAD            ALL

      Reason.Desc:  FARM #3970, EVANGELINE PARISH, LA
=================================================================================
```

I, the undersigned filing officer in and for the parish of EVANGELINE, do hereby certify that the above listing is a record of all lapsed and non-lapsed financing statements and subsequent filings relating thereto, pre-Chapter 9 filings which have been reinscribed in accordance with La. R.S.9:3112(B) and 9:5356(J), farm product filings submitted in accordance with La. R.S.3:3651, et seq., and IRS tax liens filed in the UCC database on or after September 1, 1990, which name the above debtor and which are on file in the Secretary of State's master index as of April 06, 2015 at 11:59 pm.

This certificate covers UCC statements filed on or after January 1, 1990 and effective financing statements submitted on or after January 1, 1987 to the Central Registry pursuant to La. R.S.3:3651, et seq., and contains only those filings which after using standard search logic as described in the Louisiana Model Administrative Rules for the UCC Program, disclose the name hereinabove set forth. This certificate does not provide information on the real estate records of this parish. COLLATERAL CONTAINED HEREIN ARE FOR INFORMATIONAL PURPOSES ONLY AND ARE NOT A SUBSTITUTE FOR THE DESCRIPTION OF THE COLLATERAL CONTAINED IN THE FINANCING STATEMENT.

_____
DEPUTY CLERK OF COURT

## Louisiana Secretary of State
## UCC Filing Detail
### (Not a Certified Copy)

Notice: All Filings after 7/11/2018 are subject to change or removal.

**Original File#:** 20-28547 **FARM FILING**

**Filed:** 4/6/2015 at 2:53 PM

**Parish:** EVANGELINE

**Debtors: (2)**

| ROCKY RAY WATSON |
| Tax ID: #####3753 |
| 1470 LANSE DE CAVALIER RD |
| VILLE PLATTE, LA 70586 |
| KRISTINE ROSE WATSON |
| Tax ID: #####3054 |
| 1470 LANSE DE CAVALIER RD |
| VILLE PLATTE, LA 70586 |

**Original Secured Parties: (1)**

| USA FARM SERVICE AGENCY |
| Tax ID#: #####0000 |
| 157 CHEROKEE DRIVE, SUITE A |
| CROWLEY, LA 70526-3103 |

**Property:**

ALL EQUIPMENT

**Farm Product Information: (1)** - Joint Check Required

| Name | Code | Parish | Year | Quantity | Loan Amount |
|---|---|---|---|---|---|
| CATTLE | 3030 | EVANGELINE | | ALL HEAD | ALL |

**Reasonable Description:** FARM #3970, EVANGELINE PARISH, LA

[Print]

*Exhibit 2A*

SOS-0946

LOUISIANA SECRETARY OF STATE
OFFICE OF UNIFORM COMMERCIAL CODE/CENTRAL REGISTRY
CONFIRMATION OF FILING

```
USA FARM SERVICE AGENCY
157 CHEROKEE DRIVE, SUITE A
CROWLEY, LA  70526-3103
```

Pursuant to La.R.S.3:3656(B), this is a confirmation that the following information has been received and included within the Secretary of State's Central Registry of farm product filings. Note that this confirmation does not constitute a determination of the legal sufficiency of the filing.

This filing will lapse on 4-06-2020 unless continued or terminated. We encourage filers to take full advantage of the six month window of opportunity in which to file UCC-3 continuations. Submission of your documents at the onset of the six month window will allow ample time to rectify potential filing errors and help to assure timely recording of your filing.

Any questions regarding this notice should be directed to the Central Registry at 225.925.4701.

Tom Schedler
Secretary of State

```
=====================================================================
ORIGINAL FILE NUMBER 20-28547         FILED  4/06/15  2:53 PM  FARM FILING
                                      PARISH IN WHICH FILED: EVANGELINE
DEBTOR(S)
  WATSON                      ROCKY         RAY              #####3753
  1470 LANSE DE CAVALIER RD
  VILLE PLATTE, LA  70586

  WATSON                      KRISTINE      ROSE             #####3054
  1470 LANSE DE CAVALIER RD
  VILLE PLATTE, LA  70586

ORIGINAL SECURED PARTY
  USA FARM SERVICE AGENCY                                    #####0000
  157 CHEROKEE DRIVE, SUITE A
  CROWLEY, LA  70526-3103

PROPERTY
  ALL EQUIPMENT

FARM PRODUCT INFORMATION - Joint Check Required
  Product Name          Prod.Code/Parish Produced   Crop Yr/Quantity   Loan Amount
  CATTLE                3030 EVANGELINE             ALL HEAD           ALL

Reason.Desc:  FARM #3970, EVANGELINE PARISH, LA
```

*Exhibit 2B*

| This form is available electronically. | | Form Approved - OMB No. 0560-0238 |
|---|---|---|
| | | (See Page 7 for Privacy Act and Paperwork Reduction Act Statements). |
| FSA-2028<br>(11-12-14) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | Position 1 |
| | **SECURITY AGREEMENT** | |

1. **THIS SECURITY AGREEMENT,** *dated (a)* __April 6__, __2015__, is made between the United States of America acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and *(b)* **ROCKY RAY WATSON, KRISTINE ROSE WATSON**

(Debtor), whose mailing address is *(c)* 1470 L ANSE DE CAVALIER RD, VILLE PLATTE, LA 70586-6867

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

**NOW THEREFORE,** in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

**DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial _RW KRW_  Date _4/6/15_

Exhibit 2C

FSA-2028 (11-12-14)            Page 2 of 7

(b) All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)* within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1) Farm or Other Real Estate Owner | (2) Approximate Number of Acres | (3) County and State | (4) Approximate Distance and Direction from Named Town or Other Description |
|---|---|---|---|
| | 35 | EVANGELINE, LA | |
| | | EVANGELINE, LA | |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial _[signature]_ Date _4/16/15_

FSA-2028 (11-12-14)  Page 3 of 7

(c) All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of *(1)* LOUISIANA

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Tractor | Case | 5230 | | | |
| 2 | 1 | Cutter | Rhino | 10 ft | | | |
| 3 | 1 | Tractor | jd | 1020 | | | |

(10) Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

Initial _KRW_ Date _4/6/15_

FSA-2028 (11-12-14) Page 4 of 7

(d) All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of *(1)*

LOUISIANA

| (2) Line No. | (3) Quantity | (4) Kind-Sex | (5) Breed | (6) Color | (7) Weight | (8) Age | (9) Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |
| 21 | | | | | | | |
| 22 | | | | | | | |
| 23 | | | | | | | |
| 24 | | | | | | | |
| 25 | | | | | | | |
| 26 | | | | | | | |
| 27 | | | | | | | |
| 28 | | | | | | | |

Initial  RW+KRW    Date  4/6/15

FSA-2028 (11-12-14)

(e) All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

**3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:**

(a) Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b) Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c) Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d) Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e) Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f) Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g) All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h) In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial KW  Date 4/6/15

**4. IT IS FURTHER AGREED THAT:**

(a) Until default, Debtor may retain possession of the collateral.

(b) **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

   (1) Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

   (2) Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

   (3) A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c) Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d) It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e) Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f) Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g) This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h) If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

(i) The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

Initial _[signature]_ Date _4/6/15_

**FSA-2028** (11-12-14)  Page 7 of 7

(j) If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan. The provisions of this paragraph do not apply if the Note secured by this Security Agreement is for a Conservation Loan.

(k) Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l) **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.**

(m) Debtor(s) acknowledge(s) that Secured Party loaned money to me/us to purchase items of collateral that serve as security for my/our loan, thereby, giving Secured Party a Purchase Money Security Interest in those items of collateral listed in Part 2. (c) or (d) with an asterisk*.

## 5. CERTIFICATION

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

6A. _[signature: Rocky Ray Watson]_    6B. *(Date)* 4/6/15
ROCKY RAY WATSON

_[signature: Kristine Rose Watson]_ *(Date)* 4/6/15
KRISTINE ROSE WATSON

NOTE: *The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0238. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.* **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited bases will apply to all programs and/or employment activities.) Persons with disabilities, who wish to file a program complaint, write to the address below or if you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). Individuals who are deaf, hard of hearing, or have speech disabilities and wish to file either an EEO or program complaint, please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish).

*If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov. USDA is an equal opportunity provider and employer.*